## IN THE COURT OF APPEALS OF IOWA

No. 15-2186
Filed December 21, 2016

**ANTHONY EUGENE HAWKINS,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Applicant appeals the district court decision denying his request for postconviction relief. **AFFIRMED.**

Lauren M. Phelps, Washington, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Anthony Hawkins appeals the district court decision denying his request for postconviction relief. Hawkins's claim that defense counsel should have requested an accomplice instruction was addressed in his direct appeal, and it will not be considered in this postconviction action. We find Hawkins has not shown he received ineffective assistance due to defense counsel's failure to vigorously cross-examine the State's witnesses. We affirm the decision of the district court.

Hawkins was convicted of first-degree robbery, felon in possession of a firearm, and trafficking in stolen weapons. His convictions were affirmed on appeal. *State v. Hawkins*, No. 11-0490, 2012 WL 170647, at *2 (Iowa Ct. App. Jan. 19, 2012). The facts of the case are set out in our decision above, and we will not repeat them here. *See id.* at *1.

One of the issues addressed on appeal was whether "[Hawkins's] trial attorney was ineffective in failing to request an instruction requiring corroboration of [an accomplice's] testimony." *Id.* at *2. We discussed evidence corroborating the witness's testimony and determined, "In light of this corroborating evidence, the failure of Hawkins's attorney to request an accomplice corroboration instruction did not result in *Strickland* prejudice, and Hawkins's ineffective-assistance-of-counsel claim necessarily fails." *Id.* In his application for postconviction relief, Hawkins again claimed he received ineffective assistance because defense counsel did not request an accomplice instruction. This issue was resolved in the direct appeal, and we will not discuss it further in this action for postconviction relief. *See* Iowa Code § 822.8 (2013).

Hawkins also claims he received ineffective assistance because defense counsel did not vigorously cross-examine the State's witnesses or impeach them with deposition testimony. He states, "Trial counsel certainly cross-examined during trial, but [Hawkins] alleges his cross-examination of several witnesses fell short." Hawkins states defense counsel did not adequately highlight the discrepancies in the testimony of several witnesses.

We review claims of ineffective assistance of counsel de novo. *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). "To prevail on a claim of ineffective assistance of counsel, the claimant must show counsel failed to perform an essential duty and prejudice resulted." *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016).

The district court found defense counsel "did vigorously cross-examine the main witnesses in this matter" and "repeatedly pointed out inconsistencies between the various witnesses' testimony." The court concluded Hawkins did not establish defense counsel failed to perform an essential duty or he was prejudiced by counsel's performance. We agree with the district court's conclusions. The record shows defense counsel adequately cross-examined the witnesses and pointed out the inconsistencies in their testimony. We determine Hawkins has failed to show he received ineffective assistance based on his claim defense counsel should have "more vigorously" cross-examined the State's witnesses.

A full opinion in this case would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(e). We affirm the decision of the district court.

**AFFIRMED.**